No. 13393

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

ELEANOR H. CICINIA,

Plaintiff and Respondent,

-vs-

GAETANO T. CICINIA,

Defendant and Appellant.

---

Appeal from: District Court of the Eleventh Judicial
District,
Honorable Robert Keller, Judge presiding.

Counsel of Record:

For Appellant:

Moore and Lympus, Kalispell, Montana
James D. Moore argued, Kalispell, Montana

For Respondent:

Warden, Walterskirchen & Christiansen, Kalispell,
Montana
Gary R. Christiansen argued, Kalispell, Montana

---

Submitted: March 14, 1977

Decided: JUN 22 1977

Filed: JUN 22 1977

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

The district court, Flathead County, sitting without a jury, Hon. Robert S. Keller, District Judge presiding, granted summary judgment to ~~defendant~~ PLAINTIFF in an action ~~to enforce~~ ~~~~ alimony provisions of a foreign divorce decree.

Eleanor Cicinia obtained a default divorce decree on grounds of desertion, incorporating a voluntary property settlement agreement part of which gave her $75 per week, payable each Monday for the balance of her life, unless she remarried. This amount was to include child support and minor medical care until the children reached majority. The parties were married in 1940 and the decree nisi was dated February 25, 1965, in the state of New Jersey.

Defendant remarried and adopted the children of his present wife and moved to Kalispell, Montana in 1973. Defendant operates a business entitled "Northwest Sports, Inc.".

Defendant defaulted in his alimony payments. On June 27, 1974, plaintiff brought an action in New Jersey to determine arrearage, increase alimony, and determine attorney fees. Defendant filed two affidavits in his behalf in addition to a deposition. He was represented at the hearing by a New Jersey law firm but did not appear in person.

The New Jersey court on April 25, 1975 granted judgment in the sum of $3,995. Plaintiff's prayer for additional alimony was denied. On June 23, 1975, the New Jersey court awarded attorney fees in the amount of $2,000 and $196.80 in costs. The New Jersey judgment was not appealed in New Jersey.

- 2 -

The present action was filed in Montana to enforce the New Jersey judgment on September 15, 1975.

Defendant contends the judgment cannot be enforced in Montana as it contravenes the constitutional and statutory rights of defendant and is against public policy of the state of Montana. Defendant also petitions the Montana court to modify the New Jersey decree prospectively and retroactively. In this regard, defendant speaks to the modification of the "decree nisi" of February 25, 1965, yet the record indicated this decree was made final May 26, 1965.

Hon. Robert S. Keller, district judge, entered summary judgment May 5, 1976, under Rule 56, M.R.Civ.P., after briefs were submitted and oral argument heard, for plaintiff on the New Jersey judgment with the memo:

> "The Defendant raises no factual issues. The answer to the complaint, consists of conclusions, which raise issues of law, and are res adjudicata.
>
> "The 'counter-petition' to the complaint is something this Court does not understand."

Defendant appeals from the summary judgment of the district court and presents these issues to this Court for review:

1. Can summary judgment be entered on a foreign decree which enforcement of contravenes public policy or laws of Montana?

2. Does full faith and credit compel enforcement of a foreign decree that lacks finality in New Jersey?

4. Can a decree of divorce issued in another state be modified in Montana?

Defendant appeared by counsel and affidavit and deposition in defense of his position at the court hearing in New Jersey, which denied him relief on April 25, 1975. He did not challenge

the finality of that court's judgment on which the hearing was brought or challenge the court's jurisdiction, nor did he appeal from that court's judgment.

We note here that at all times pertinent hereto, defendant has been vigorously represented by counsel. The New Jersey judgments were final judgments rendered by a court which had proper jurisdiction only after an adversary proceeding.

The Montana action merely seeks a judgment based upon the final judgments of the New Jersey court. The doctrines of res judicata and collateral estoppel bar the relitigation of the matters determined by the New Jersey court. The doctrine of full faith and credit allows the enforcement of the judgment. Art. IV, Section 1, United States Constitution; Section 93-1001-20, R.C.M. 1947; 47 Am.Jur.2d, Judgments §§ 1226,1227,1230.

The trial court correctly stated that the pleadings of defendant raise no fact issues but ultimate issues of law which are res adjudicata.

Judgment of the trial court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 4 -